McDOWELL
*v.*
COUCH.

---

## GOODMAN and SON *v.* WILLIAM ALLEN et al.
## LEXINGTON FIRE INSURANCE COMPANY *v.* SAME.

*The surety on a forthcoming bond for property which had been attached is not liable on a rule taken against him, without a fi. fa. against the principal in the bond having been returned unsatisfied, or, at least, until the principal has been put in default for the failure to produce the property bonded.*

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J.

R. *Mott*, for plaintiffs, contended: This is an appeal from a judgment against *M. Greenwood*, as surety on a bond given by *John Carroll*, the intervenor. The questions presented for the consideration of the court are few and, we think, simple: The steamboat New Hampshire was attached for damages in destroying a flatboat; no motion was made to set aside the attachment; but the defendants answered to the merits, and *John Carroll* intervened, and claimed to have become the owner of the boat after the damages had been done the plaintiffs. Plaintiff replied that *Carroll's* title was simulated and fraudulent, and made for the purpose of defeating their claims; that he was an officer of the boat, and knowing to the whole transaction, &c. After the intervention had been filed, *Carroll* asked leave of the court to bond the boat, which he was allowed to do, on giving bond to produce the boat to meet the judgment of the court, &c. *Greenwood* was the surety on that bond.

When these cases came on for trial, the counsel for the plaintiffs and intervenor agreed to submit the case to the court on the testimony on file. The result was a judgment for the amount claimed in favor of the plaintiffs, against the defendants, nothing being said about the intervenor; the judgment, in terms, neither affirming his claim nor dismissing it; and as there was, in fact, no showing in his favor, it is probable that the court considered the intervention in his name as a farce. On these judgments execution duly issued, and after due legal proceedings, was returned *nulla bona* by the sheriff, the return day having passed.

A rule was taken on *Greenwood*, the surety on the bond, to show cause why he should not pay the amount of the bond; to which he filed a written answer, setting up as defences: That *Carroll*, the intervenor, was dead before the case was tried; that the court had not decided the case as to *Carroll*, the intervenor; and, that the original attachment, being for damages, was illegal, and therefore the surety on the bond was not liable.

The rule was made absolute; the defendant thereon appealed; and it is now for your honors to say whether the proof of *Carroll's* death has been established, and if it has, whether the judgment of the court against the defendants, with privilege on the property attached, was not all that was necessary. The only testimony offered to show the death of *Carroll* was that of one of the defendants to the suit, which was rejected. The intervenor appeared at the trial, by his counsel, and the judgment of the court precludes him from further action in the premises.

The plaintiffs think that the right to have the attachment set aside was personal to the defendants; and as they acquiesced, the intervenor could not appear to set it aside, and much less could his surety do so, even before answer or judgment in the case. See cases of *Myers* v. *Perry*, 1st Ann. 372. *Bringier* v. *Griffin*, 2d Ann. 156. Code of Practice, 344.

*Hunton* and *Bradford*, for defendants, contended: The plaintiffs in these suits having attached the steamboat New Hampshire, *John Carroll* brought suits to enjoin their proceedings against the boat, which he alleged to be his property. The court ordered all these suits to be consolidated, and directed the boat to be restored to *John Carroll*, on his giving bond for $3200, with *Moses Greenwood* as his surety, to abide the further order of the court.

The plaintiffs having recovered judgment against the original defendants, with privilege on the property attached. took a rule on *Moses Greenwood*, as surety, to show cause why judgment should not be given against him for the amount of his bond. From the judgment against him on this rule the defendant has appealed.

The defendant excepted to the rule on the following grounds: 1. That the attachments in said suits issued on claims for damages *ex delicto* 2. That the defendant became surety for *John Carroll*, and that no judgment has been rendered against his said principal; nor can any of the proceedings herein had be binding on the legal representatives of said *John Carroll*, who died on the 1st of January, 1848, before said proceedings were had; nor on defendant, as his surety The death of *John Carroll* is shown by the testimony of *W. Allen.* This testimony was improperly rejected. These cases were not submitted till 12th March, 1850, and the judgment of the court is entirely silent as to the claim of *John Carroll.* But these claims were presented in the form of separate and independent suits, which must be decided before the bond of *Carroll* can be forfeited. The case of *Jones* v. *Lawrence* is not in point. 4th Ann. 279. 3. That the said rule is irregular and premature. The bond states that *John Carroll*, as principal, and *Moses Greenwood*, as surety, "agree to abide by the order of the court, and, under the same, are responsible for the safe return and restoration of the steamboat New Hampshire to abide the further order of the court." No infraction of the condition of this bond has been shown.

The judgment of the court was pronounced by

SLIDELL, J. The plaintiffs in these suits having attached the steamer New Hampshire, *John Carroll* brought suits to enjoin the proceedings against the vessel, which he alleged to be his property, and not the property of *Allen* and others, the defendants in attachment. The court ordered all the suits to be consolidated, and directed the vessel to be restored to *Carroll*, on his giving bond in the sum of $3200, conditioned for the safe return of the vessel to abide the further orders of the court in the suits. A bond was accordingly given by *Carroll*, with *Greenwood* as surety.

Judgment was rendered in favor of the plaintiffs, with privilege on the property; which judgment, although it does not in express terms decide the claim of ownership asserted by *Carroll*, may, for the purpose of our present inquiry, be considered as a judgment against him upon that claim. A *fieri facias* was issued against the defendants in attachment, to wit, *Wm. Allen, George T.*

*Allen* and *Jacob Forsyth*, and was returned *nulla bona*. The plaintiffs then took a rule upon *Greenwood*, the surety of *Carroll*, to show cause why he should not be condemned to pay the plaintiffs the amount of the bond. Various grounds of exception and defence were set up by the defendant in the rule; one of which was, that the rule was irregular and premature. We understand the practice in case of bonds of this nature to be, that the creditor cannot ask judgment by rule against the surety, without a *fi. fa.* against, or, at least, a putting in default of the principal. No call, by *fi. fa.* or otherwise has been made upon *Carroll* for the restoration of the vessel or the payment of the bond.

It is therefore decreed, that the judgment of the district court be reversed, and that the rule be dismissed as in case of non-suit; the plaintiffs paying costs in both courts.